# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WALKER T. PHILIPS, Individually, and on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GARRISON PROPERTY & CASUALTY, et al.,<br><br>        Defendants. | Case No.: 2:19-cv-01727<br><br>**OPPOSED** |

## DEFENDANT GARRISON PROPERTY & CASUALTY'S MOTION TO COMPEL APPRAISAL AND DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Garrison Property & Casualty respectfully moves for an order compelling Plaintiff to proceed with contractually-mandated appraisal, in accordance with the parties' obligations under the insurance policy, and dismiss all three claims asserted against Defendant.

## I.   INTRODUCTION

This putative class action arises out of an automobile accident that rendered Plaintiff's vehicle a total loss. Alleging claims of breach of contract, bad faith, and civil conspiracy, Plaintiff claims that Defendant improperly calculated the value of Plaintiff's vehicle. However, Plaintiff's insurance contract contains an appraisal clause that may be invoked by either party when the vehicle's value is in dispute.

Just three weeks after service of the complaint, Defendant invoked the appraisal provision. Once invoked, the appraisal process is mandatory and the amount of loss determined by appraisal is binding on Plaintiff and Defendant. The policy requires Plaintiff to comply with all of its terms prior to commencing legal action. By maintaining this action in the face of an appraisal demand, Plaintiff is in breach of the policy. Defendant now respectfully requests that this Court order Plaintiff to proceed with appraisal and dismiss this action.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Adjustment of Plaintiff's Claim.

On May 19, 2019 Plaintiff's vehicle was totaled in an accident. (Compl. ¶¶ 1, 16). At the time of the loss, Defendant insured Plaintiff's vehicle. (*Id*. at ¶ 15). Plaintiff made a claim under that policy. (*Id*. at ¶ 16).

Defendant determined the Actual Cash Value ("ACV") of Plaintiff's vehicle, which is defined in the policy as "the amount that it would cost at the time of loss to buy a comparable vehicle." (Compl. Ex. A at p. 15.) On or about May 23, 2019, Defendant sent Plaintiff a CCC Information Services, Inc. report which calculated the ACV at $17,280.33. (Compl. ¶¶ 20, 21 and Ex. B) After receiving this report, Plaintiff and his father spoke with a Garrison representative about the ACV. (Declaration of John Rivera ("Rivera Decl.") Ex. A at p. 6-7.) Plaintiff's father questioned whether the comparable vehicles were properly chosen because several

of the comparable vehicles had higher mileage than Plaintiff's vehicle. (*Id.*) After this conversation, Defendant requested a subsequent report from CCC that included only three comparable vehicles. (*Id.*; Compl. Ex. C.) Defendant sent the Second CCC Report on June 3, 2019 that calculated the ACV of Plaintiff's vehicle at $18,163.34. (Compl. ¶¶ 22, 24; Rivera Decl. at ¶ 10.) After subtracting the $500 deductible, Defendant offered a total loss settlement in the amount of $17,678.33. (Rivera Decl. at ¶ 11.)

Plaintiff offered documents he claimed demonstrated that his vehicle was worth more because he had installed floor mats, wiper blades, and a cargo cover, replaced his tires and had paid a $500 documentation fee to the dealership when he first purchased the vehicle. (Rivera Decl. Ex. A at p. 10.) Defendant did not increase the ACV of Plaintiff's vehicle in response to these claimed items, but did allow him to remove the wiper blades, floor mat and cargo cover from the vehicle, thereby retaining any value they had. (*Id.* at p. 11.) After that conversation, Plaintiff did not further dispute Garrison's valuation of the vehicle and on June 12, 2019, Defendant electronically deposited $17,678.34 in Plaintiff's bank account. (*Id.* at p. 13.)

### B.   The Policy

Defendant's payment obligations are governed by the terms of the policy and Alabama law. The policy provides:

> B. Collision Coverage. We will pay for loss caused by collision to your covered auto, including its equipment, and

> personal property contained in your covered auto, minus any applicable deductible shown on the Declarations.

(Compl., Ex. A, p. 16.) In the event the parties disagreed as to the amount of the loss, the policy contains an appraisal provision, which provides:

> **Appraisal**
> If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party *will* select a competent appraiser. The two appraisers *will* select an umpire. The appraisers *will* state separately the actual cash value and the amount of loss. If they fail to agree, they *will* submit their differences to the umpire. A decision agreed to by any two *will* be binding. Each party *will* pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

(Compl., Ex. A, p. 20) (emphasis added). The policy contains a provision pertaining to legal actions, which provides in relevant part "no legal action may be brought against us until there has been full compliance with all the terms of the policy." (Compl., Ex. A, p. 22.) Thus, Plaintiff cannot sue until he has fully complied with the appraisal provision and all other provisions in the policy.

On October 4, 2019, Defendant sent Plaintiff a letter invoking the appraisal clause and demanding that Plaintiff dismiss his complaint and submit to appraisal to value his vehicle. (Declaration of Andrea Wiltrout ("Wiltrout Decl." Ex. A.) Plaintiff's counsel immediately rejected the appraisal demand and refused to dismiss the complaint. (Wiltrout Decl. Ex. B.)

## III. LEGAL STANDARD

In considering a Federal Rule 12(b)(6) motion, the court must review the complaint in a light most favorable to plaintiff, generally accepting plaintiff's well-pleaded facts as true, but "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). And, the court may properly consider documents that the complaint incorporates by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may consider a document incorporated by reference where "it is (1) central to the plaintiff's claim and (2) its authenticity is not challenged." *Lawson v. Fed. Ins. Co.*, 2018 U.S. Dist. LEXIS 199163, *6-7 (N.D. Ala. Nov. 26, 2018) (in granting motion to dismiss the complaint on breach of contract and bad faith claim against an insurance company, the court relied on the insurance policy, claim and the parties' correspondence). And "when the exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Additionally, Fed. R. Civ. P. 9(c) requires a plaintiff to allege that "all conditions precedent have occurred or have been performed" prior to initiating a cause of action. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). "Should a

5

defendant make that denial, 'the plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied.'" *Bloomgarden v. Allstate Fire & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 44118, *6 (S.D. Fla. March 15, 2019). When a party fails to meet the requirements of Rule 9(c), his claim is subject to dismissal. *See Moore v. Travelers*, 321 Fed. Appx. 911, 913 (11th Cir. 2009) (affirming dismissal where appraisal, as condition precedent had not yet occurred).

## IV. LAW AND ARGUMENT

### A. The Court Should Compel Plaintiff to Proceed with Appraisal and Dismiss Plaintiff's Claims.

#### 1. Plaintiff's Claims that Defendant Undervalued His Total Loss Are Subject to Appraisal.

The Alabama Supreme Court has long recognized that appraisal clauses in insurance policies are valid and enforceable. *See*, *Headley v. Aetna Ins. Co.*, 202 Ala. 384, 386 (Ala. 1918). In *Headley*, the Alabama Supreme court explained:

> If parties to contracts of insurance covenant that in case of disagreement as to the amount of loss or damages, or the value of the property destroyed or damaged, they will submit such difference to disinterested parties as appraisers, arbitrators, or umpires, and provide a mode for selecting such parties, and make an award of such parties a prerequisite to the bringing of a suit on such insurance policy, such covenant or agreement is valid, and will be enforced by the courts, in the absence of surprise, mistake, fraud, etc.

*Headley*, 202 Ala. at 386. The Alabama Supreme Court has further recognized that when the parties agree that appraisal is a condition precedent to the maintenance of

6

an action, such a clause is binding and no suit may be maintained until it is completed. *Headley,* 202 Ala at 386.

Defendant does not dispute whether Plaintiff's total loss claim was covered under the terms of the Policy – Defendant paid the claim. All three claims asserted by Plaintiff concern the amount he contends Defendant should have paid for the value of his vehicle. Because Plaintiff's allegations solely involve questions regarding the amount of loss, and not questions of coverage, appraisal is the appropriate (and contractually-mandated) mechanism for resolving his claims. *Rogers v. State Farm Fire & Cas. Co.*, 984 So.2d 382, 392 (Ala. 2007) (finding that an appraiser's duty is to determine the amount of loss); *Bettor v. Esurance Prop. & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 54391, *14 (S.D. Fla. Mar. 28, 2019).

### 2. **Plaintiff's Claims - Including the Putative Class Claims – Should be Dismissed.**

When an insured is required to seek appraisal before filing suit and fails to do so, his claims are properly dismissed. *Moore v. Travelers*, 2008 U.S. Dist. LEXIS 130148, *12 (N.D. Ga. Sept. 12, 2008) (applying Alabama law), aff'd 321 Fed. Appx. 911, 912 (11th Cir. 2009)(where policy provided that "[i]f you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal" plaintiff was required to first comply with the appraisal provision to determine his amount of loss); *Southeast Nursing Home Inc. v. St. Paul Fire and*

*Marine Ins. Co.*, 559 F. Supp. 883, 888 (N.D. Ala. 1982), aff'd, 750 F.2d 1531, 1538 (11th Cir. 1985); *Bloomgarden* 2019 U.S. Dist. LEXIS 44118, at *8.

The *Bettor v. Esurance Prop. & Cas. Ins. Co*. decision from the United States District Court for the Southern District of Florida is instructive. 2019 U.S. Dist. LEXIS 54391. The dispute in *Bettor* arose out of a payment made to Bettor for the loss of his automobile under an insurance policy provided by Esurance. *Id*. at *2. Esurance had declared Bettor's vehicle a total loss and paid the vehicle's cash value. *Id*. Two years later, Bettor filed suit claiming that Esurance violated Florida law by utilizing the same CCC valuation service at issue here. *Id*. at *6.

The policy in *Bettor* contained an appraisal provision almost identical to the policy provided by Defendant. *Id*. at *5.[1] The *Bettor* court found that the litigation was "at its core, about the value of Plaintiff's automobile" and therefore the claim was "subject to appraisal" under the policy. *Id*. at 13. Because the policy required appraisal, dismissal of the complaint was required for failure to comply with a condition precedent. *Id. See also*, *Bloomgarden*, 2019 U.S. Dist. LEXIS 44118 at *12 (dismissing claim for breach of contract against insurer claiming that it improperly utilized CCC to determine the actual cash value of its insured's property because completing the appraisal process was a condition precedent prior to filing

---

[1] The appraisal provision read: "If 'we' and 'you' do not agree on the amount of 'loss', either party may request an appraisal of the loss'" *Bettor*, at *5.

suit); *McGowan v. First Acceptance Ins. Co., Inc.*, Case No. 8:19-cv-01101-SCB-CPT (M.D. Fla. Aug. 14, 2019), ECF 30 (finding appraisal to be a condition precedent and dismissing claims in favor of appraisal), appeal docketed, No. 19-13485 (11th Cir. Sept. 5, 2019).

Plaintiff and Defendant disagree as to the value of his vehicle. All of Plaintiff's claims concern the amount of Defendant's payment for the loss. (Compl. ¶¶ 106; 128; 132; 137.) On October 4, 2019, Defendant invoked its right to appraisal, thereby triggering Plaintiff's duty to comply with the requirements in the Appraisal Provision. (Wiltrout Decl. Ex. B). The policy provides that, "[n]o legal action may be brought against us until there has been full compliance with all of the terms of this policy." (Compl., Ex. A, p. 43). Because appraisal is a condition precedent to Plaintiff's rights to pursue actions under the policy against Defendant, the Complaint must be dismissed so that the parties can proceed with appraisal. *See Moore*, 2008 U.S. Dist. LEXIS 130148 at *12.[2]

---

[2] The Court should dismiss Plaintiff's putative class claims as well. *See Moore*, 321 F. App'x at 913. In *Moore*, the Eleventh Circuit affirmed dismissal of the insured's class action complaint based on the appraisal provision in the policy. *Id.* The insurer argued that the "No Action" provision in the policy prohibited the maintenance of any action, both on an individual basis as well as on behalf of a class, until there was full compliance with the appraisal process." *Moore*, 2008 U.S. Dist. LEXIS 130148 at *3. The District Court for the Northern District of Georgia and the Eleventh Circuit agreed. *Id.* at 12; *Moore*, 321 F. App'x at 913. The same result is required in this case.

### 3. **Defendant Has Not Waived the Appraisal Provision.**

Plaintiff goes to great, albeit insufficient, lengths to allege that Defendant has waived its right to appraisal. It has not. Just three weeks after being sued, and less than six months after the loss incident, Defendant properly invoked the appraisal provision. (Wiltrout Decl. Ex. A.)

In *Rogers v. State Farm Fire & Cas. Co*, the Alabama Supreme Court adopted the waiver of arbitration standard for questions regarding waiver of an appraisal provision:

> It is well settled under Alabama law that a party may waive its right to arbitrate a dispute if it *substantially invokes the litigation process and thereby substantially prejudices the party opposing arbitration*. Whether a party's participating in an action amounts to an enforceable waiver of its right to arbitrate depends on whether the participation bespeaks an intention to abandon the right in favor of the judicial process and, if so, whether the opposing party would be prejudiced by a subsequent order requiring it to submit to arbitration.

*Rogers*, 984 So. 2d at 387 (internal citation and punctuation omitted) (emphasis original). Accordingly, to determine whether a party has waived its contractual right to arbitrate or seek appraisal, courts apply a two-part test: "First, they decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and, second, they look to see whether, by doing so, that party has in some way prejudiced the other party." *Krinsk v. SunTrust Banks*, Inc., 654 F.3d 1194, 1201 (11th Cir. 2004) (internal citation and punctuation omitted). The party alleging waiver bears a "***heavy*** burden of showing substantial prejudice." *Rogers*,

10

984 So.2d at 388 (internal citation and punctuation omitted)(emphasis added). Indeed, "[a] presumption exists against a finding that a party has waived the right to compel arbitration." *Zedot Constr., Inc. v. Red Sullivan Conditioned Air Servs.,* 947 So.2d 396, 399 (Ala. 2006) (citation omitted)

### a) Defendant Has Not Invoked the Litigation Process.

Plaintiff does not allege that Defendant substantially invoked the litigation process. Indeed, such an allegation would be baseless given that this litigation has just begun, no responsive pleading has been filed, and no discovery has commenced. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1237 (11th Cir. 2018) (finding party did not waive right to arbitration where it put the court and plaintiff on notice "well before any discovery had been conducted"). Defendant's actions have been consistent with its contention that appraisal is the only appropriate way to determine the value of Plaintiff's vehicle at this time and that appraisal must be conducted now, before legal resolution of Plaintiff's claims.

### b) Plaintiff Has Suffered No Prejudice.

Plaintiff cannot satisfy the heavy burden of showing that any action or claimed inaction of Defendant's which he might claim is inconsistent with Defendant's right to appraisal has prejudiced him in any way. To ascertain potential prejudice, the Alabama Supreme Court in *Rogers* looked to whether the party opposing appraisal expended substantial sums in the litigation between the date of filing and the date of

the appraisal demand. The *Rogers* court stated sufficient prejudice might be found if the party opposing arbitration "took advantage of judicial discovery procedures not available in arbitration." *Rogers*, 984 So.2d at 388. The *Rogers* court ultimately concluded that the insureds failed to meet their "heavy burden of showing substantial prejudice." *Id*. *See also, Crews v. Nat'l Boat Owners Ass'n Marine Ins. Agency, Inc*., 46 So. 3d 933, 941 (Ala. 2010).

Plaintiff has utterly failed to allege such prejudice. Plaintiff fails to allege that he has spent significant time or money in this litigation, let alone the substantial prejudice required by the *Rogers* standard, and **no** evidence of prejudice is present. Nor does Plaintiff allege that Defendant used the litigation process to its advantage.

Instead of alleging the types of prejudice sufficient for a showing of waiver under Alabama law, Plaintiff charts his own course and alleges that he has been prejudiced because: (1) having waited six months since the accident to file suit, Plaintiff's vehicle has now been salvaged, and is no longer available for in-person physical inspection; and (2) the appraisal provision requires the insured to pay for his own appraiser and share the expense of an umpire (if one is necessary). (Compl. at ¶¶ 74-80.) Neither ground is sufficient to establish prejudice.

As an initial matter, Plaintiff's contention that he somehow suffered prejudice because he would have had to pay for his own appraiser, under the express terms of the Policy, (Compl. at ¶ 80) is easily dismissed. Plaintiff would have to pay the

contractual appraisal expenses regardless of when Defendant demanded appraisal. Accordingly, this is not evidence that Plaintiff has suffered prejudice as a result of Defendant's supposed delay in asserting its right to seek appraisal.

Nor is the fact that Plaintiff's vehicle was salvaged evidence of prejudice. Plaintiff offers no basis, in the policy or at law, for his unsupported contention that he has a right to "inspection-based appraisal." Plaintiff completely fails to establish how a "desktop appraisal" would purportedly result in a lower or inaccurate valuation than an in-person inspection or cause prejudice. In fact, at least one other court has rejected this proposition. *See, e.g., In re Ooida Risk Retention Grp., Inc.,* 475 S.W.3d 905, 913 (Tex. App. 2015) (no prejudice where appraiser valued total loss vehicle that had already been salvaged using pictures and specifications).

"Alabama caselaw shows that a party alleging prejudice is unlikely to prevail without presenting supporting evidence." *Aurora Healthcare, Inc. v. Ramsey*, 83 So. 3d 495, 501 (Ala. 2011). Plaintiff has alleged no facts suggesting that Defendant has taken advantage of the litigation process or that Plaintiff has been prejudiced by Defendant's behavior. Plaintiff has failed to sustain his burden of establishing prejudice and this court should compel appraisal.

### c) **Defendant Is Not Estopped from Seeking Appraisal.**

Plaintiff also contends that Defendant is estopped from seeking appraisal because, he alleges, Defendant's practice is to only invoke appraisal when it was

sued. (Compl. ¶ 72). Ignoring the fact that Plaintiff and Defendant actually *did* negotiate the ACV of Plaintiff's vehicle (Rivera Decl. Ex. 1), Plaintiff alleges, generally, that Defendant refuses to negotiate the value of an insured's vehicle and instead waits until an insured files suit before seeking appraisal, knowing that the insured will be forced to accept the total loss valuation in order to purchase a replacement vehicle. (Compl. ¶¶ 67-68.) Plaintiff further alleges, again only generally and not with respect to his claim, that Defendant "has a regular practice of threatening to withdraw its offer to pay a total loss if the insured requests an appraisal." (Compl. ¶ 69). Plaintiff's unsupported and conclusory allegations regarding Defendant's supposed business practices are insufficient to establish estoppel.

Under Alabama law, an estoppel has three elements: "The actor, who usually must have knowledge of the true facts, communicates something in a misleading way, either by words, conduct or silence. The other relies upon that communication. And the other would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct." *Mazer v. Jackson Insurance Agency*, 340 So. 2d 770 (Ala. 1976) (citations omitted). But "if one is not obliged to speak his silence will not work an estoppel." *Floyd v. Rambo*, 250 Ala. 101, 106 (Ala. 1948). (quotation omitted)

The Complaint is devoid of any allegations that Defendant misled Plaintiff with a statement *or* silence with the intention that Plaintiff would forgo his appraisal right. Because the Complaint fails to allege that Defendant misled Plaintiff, Defendant is not estopped from invoking the appraisal provision.

Further, although Plaintiff alleges generally that Defendant's regular practice would be to threaten to withdraw its offer if an insured requests appraisal, he does not allege that Defendant applied such practice *to him*. Nor does Plaintiff allege that he would have requested appraisal but for a fear that Defendant would have withdrawn its total loss offer.

"[U]nsupported conclusions of law or of mixed fact and law are not sufficient to withstand a dismissal under Rule 12(b)(6) dismissal." *Jackson v. BellSouth Telecomms*, 372, F.3d 1250, 1271 (11th Cir. 2004) (quotations omitted). And, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" the complaint should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff's baseless and factually unsupported allegations that Defendant should now be estopped from invoking its appraisal right must be disregarded by this Court.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court enter an order enforcing the contractually-mandated appraisal and dismiss this case.

Respectfully submitted,

*/s/ Joshua R. Hess*
Joshua R Hess
Thomas J. Butler
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone:   205-254-1000
Facsimile:   205-254-1999
Email:       jhess@maynardcooper.com
             tbutler@maynardcooper.com

--and--

Rodger L. Eckelberry (Ohio Bar # 0071207)
Andrea C. Wiltrout (Ohio Bar # 0098288)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Telephone:   614-228-1541
Facsimile:   614-462-2616
Email:       reckelberry@bakerlaw.com
             awiltrout@bakerlaw.com

*Attorneys for Defendant*
*Garrison Property & Casualty*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2019, a copy of the foregoing has been served on the following counsel for by using the CM/ECF system and/or U.S. Mail, postage prepaid and properly addressed:

Jonathan H. Waller (WAL073)
2001 Park Place, Suite 900
Birmingham, AL 35203
Telephone: (205) 313-7330
jwaller@waller-law.com

*Attorney for Plaintiff*

George Chipev
Jason Randall Burt
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: george.chipev@lw.com
         jason.burt@lw.com

Kathleen P. Lally
Marguerite M. Sullivan
Robert C. Collins, III
LATHAM & WATKINS, LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611
312-876-7700
Fax: 312-993-9767
Email: kathleen.lally@lw.com
         marguerite.sullivan@lw.com
         robert.collins@lw.com

Robert H Rutherford , Jr
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
205-251-3000
Fax: 205-244-5704
Email: robert.rutherford@Burr.com

*Attorneys for Defendant*
*CCC Information Services, Inc.*

                              */s/ Joshua R. Hess*
                              **OF COUNSEL**