FILED

2019 Nov-19  PM 06:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WALKER T. PHILIPS, Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>GARRISON PROPERTY & CASUALTY INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No.: 2:19-cv-1727-JEO<br><br><br>***OPPOSED*** |

## MOVANT CCC INFORMATION SERVICES INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS AND COMPEL APPRAISAL

Defendant CCC Information Services Inc. ("CCC"), by and through its counsel, respectfully moves for a stay of discovery pending (i) resolution of CCC's concurrently-filed Motion to Dismiss and Compel Appraisal ("Motion"), and (ii) if the Court compels an appraisal, completion of the appraisal procedures set forth in the governing insurance policy between Garrison Property & Casualty Insurance Company ("Garrison") and Plaintiff.  As set forth herein, the outcome of the Motion, whether granted in whole or part, and completion of the appraisal procedure, will eliminate discovery completely and/or significantly narrow the discovery to which

Plaintiff might be entitled.  Ultimately, judicial economy and the conservation of the Court's and the parties' resources would best be served by a stay of discovery.

## I.     BACKGROUND

This case concerns the amount that Garrison paid to Plaintiff for his total loss vehicle.  Plaintiff had an automobile insurance policy with Garrison (the "Policy"). *See* Dkt. 1-2, ¶ 15.  Following an automobile accident and Plaintiff's submission of a claim to Garrison, Garrison determined that the vehicle was a total loss.  *Id.* at ¶ 16. Plaintiff asserts that in determining the value of the pre-accident vehicle, Garrison unlawfully relied on CCC's Market Valuation Reports, which allegedly undervalued the vehicle.  *Id.* at ¶¶ 20-25, 50.

The Policy provides that in the event the parties disagree as to the amount of loss,

> either may demand an appraisal.  In this event, each party will select a competent appraiser.  The two appraisers will select an umpire.  The appraisers will state separately the actual cash value and the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.

Dkt. 1-2, Ex. A, p. 75.

The Policy further states, "[n]o legal action may be brought against us until there has been full compliance with all the terms of this policy."  *Id.* at p. 77.  Both Garrison and CCC (under the doctrine of equitable estoppel) are seeking to enforce this contractual right, which would resolve the dispute as to the loss value.

Plaintiff, however, has decided not to agree to an appraisal and to oppose appraisal on grounds that there has been a waiver.  As explained in the Motion, the waiver argument is meritless.  For the reasons set forth below, the Court should stay discovery pending the outcome of CCC's Motion and the completion of an appraisal under the plain terms of the governing Garrison policy.

## II.     ARGUMENT

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997), and "the decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Connor v. Sec. of Fl. Dept. of Corrections*, 713 F.3d 609, 619 (11th Cir. 2013) (quoting *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013)).  In particular, courts have "broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985).

The Eleventh Circuit has for decades recognized the district court's discretion to stay discovery pending resolution of motions to dismiss presenting "purely legal question[s]." *Carter v. Dekalb County*, 521 F. App'x. 725, 728 (11th Cir. 2013) (*per curiam*) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *see also Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (holding that stay of discovery was proper where Rule 12 motion presented purely legal issues and thus "there was no need for discovery before the district court ruled").  The

Eleventh Circuit explained in *Chudasama* that, where "there are no issues of fact" in a motion to dismiss, "neither the parties nor the court have any need for discovery before the court rules on the motion." 123 F.3d at 1367.

Another primary reason such stays are warranted is that they serve to avoid "unnecessary costs to the litigants and to the court system." *Chudasama*, 123 F.3d at 1367. Full discovery while a dispositive motion is pending tends to "waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.* at 1367-68. In other words, as the Eleventh Circuit recently reaffirmed, allowing discovery to proceed while a motion to dismiss is pending "'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.'" *Inman v. Am. Paramount Fin.*, 517 F. App'x. 744, 749 (11th Cir. 2013) (quoting *Chudasama*, 123 F.3d at 1367); *see also James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018) (affirming the district court's grant of a stay of the "proceedings, filings, and discovery" pending ruling on motions for judgment on the pleadings and motions to dismiss because the stay "furthered the goals of controlling the case and saving the time and effort of the court, counsel, and the parties").

Recent decisions in the Northern District of Alabama have adhered to these principles and emphasized the Eleventh Circuit's concern in avoiding unnecessary

costs and burdens associated with discovery.  In *Weakley v. Eagle Logistics*, for example, the court emphasized the numerous costs associated with discovery and explained that "courts should dismiss any legally unsupported claim that would unduly enlarge the scope of discovery."   No. 3:16-cv-00205-HNJ, 2017 WL 4838862, at \*2-4 (N.D. Ala. Aug. 10, 2017) (citing *Chudasama*, 123 F.3d at 1368). The Court in *Weaver v. Nat'l Better Living Association* stressed that before a ruling on a motion to dismiss, "'neither the parties nor the court have any need for discovery.'"  No. 4:13-cv-2112-VEH, 2014 WL 1621951, at \*2-3 (quoting *Carter*, 521 F. App'x. at 728).[1]  And in *Hall v. Thomas*, the Court held that "it appears that the only proper course, when presented with a request to stay discovery pending

---

[1] The *Weaver* court also rejected an argument that *Chudasama* is an outlier case that should be confined to its unique facts.  2014 WL 1621951, at \*2 (N.D. Ala. Apr. 22, 2014) ("In opposing the motion, the plaintiff cites a number of district court opinions for the proposition that the holding in *Chudasama* is more narrow, standing only for the proposition that district courts should not delay ruling on a meritorious motion to dismiss while discovery costs mount . . . . [T]he Eleventh Circuit has consistently, and recently, interpreted the case much more broadly, and has never interpreted it in the manner suggested by the plaintiff.").  Indeed, both the Eleventh Circuit and the Northern District of Alabama continue to rely on *Chudasama* not only for the proposition that district courts have discretion to stay cases pending resolution of a motion to dismiss but also for the principle that motions to dismiss based on purely legal questions "'should be resolved before discovery begins.'"  *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 2659, 201 L. Ed. 2d 1052 (2018), *reh'g denied*, 139 S. Ct. 46, 201 L. Ed. 2d 1124 (2018) (quoting *Chudasama*, 123 F.3d at 1367); *see also, e.g.*, *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017) (endorsing *Chudasama* and affirming a stay order); *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (same); *Echeverria v. Bank of Am., N.A.*, 632 F. App'x 1006, 1008 n.3 (11th Cir. 2015) (same); *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (same); *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (same).

resolution of a motion to dismiss, is to grant the stay." 753 F.Supp. 2d 1113, 1121 n.3 (N.D. Ala. 2010) (citing *Chudasama*, 123 F.3d at 1366).

The principles driving these cases are directly applicable to a motion to compel appraisal. Indeed, concerns relating to abusive and costly discovery are only heightened where a contractually-mandated appraisal process is at issue. *See, e.g.*, *Aguero v. Scottsdale Ins. Co.*, No. 1:18-CV-23268-KMM, 2018 WL 6519102, at *1 (S.D. Fla. Sept. 20, 2018) (granting stay, "including all discovery," pending appraisal and noting that "enforcement of appraisal provisions are preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits") (internal quotation marks omitted); *Miller v. Allstate Texas Lloyd's*, No. CV H-17-1684, 2018 WL 8733085, at *2 (S.D. Tex. June 20, 2018) ("[I]f the parties and the Court continue to proceed on this case, it could ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues.") (internal quotation marks omitted); *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *3 (E.D. Tex. Oct. 30, 2015) ("'Abatement of *the entire case* pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice'") (emphasis in original); *Arcadia Gardens Mgmt. Corp. v. Great Am. Ins. Co. of New York*, No. 2:13-CV-08635-DDP, 2014 WL 457949, at *2 (C.D. Cal. Feb. 4, 2014) ("[A]ppraisal would promote judicial efficiency and

conserve party resources[,] . . . may result in settlement of this dispute or other expeditious resolution, or may minimize the amount of discovery required to resolve outstanding . . . disputes.").

District courts in this Circuit have "routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith."[2] *Morat v. Cingular Wireless LLC*, No. 3:07-CV-1057-J-20JRK, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (collecting cases in various jurisdictions); *see also Palm Beach Vacation Owners Ass'n, Inc. v. Escapes, Inc.*, No. CV 12-00027-KD-B, 2012 WL 13059074, at *2 (S.D. Ala. June 6, 2012) ("[A]llowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid."). Staying discovery would thus conform with the parties' "preference for more informal, less expensive procedures," whereas "allowing continued discovery . . . would subject the parties to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Suarez-Valdez v. Shearson Lehman/American Express Inc.*,

---

[2] Under the Federal Arbitration Act, appraisal clauses are routinely treated as arbitration provisions and enforced in the same manner. *See, e.g., 200 Leslie Condo. v. QBE Ins.*, 2011 WL 2470344, *12 (S.D. Fla. 2011) ("[a]ppraisal provisions in insurance policies . . . have generally been treated as arbitration provisions."); *CenTrust Bank v. Montpelier*, 2013 WL 1855838, *2 (N.D. Ill. 2013) ("[A]n appraisal clause is analogous to an arbitration clause and is enforceable in a court of law in the same manner as an arbitration clause."); *Pavlina v. Safeco*, 2012 WL 5412796, *3 (N.D. Cal. 2012) ("It is well settled that an agreement to conduct an appraisal contained in a policy of insurance . . . is considered to be an arbitration agreement subject to the statutory contractual arbitration law."); *Wailua v. Aetna*, 904 F.Supp. 1142, 1148 (D. Haw. 1995) (similar appraisal clause treated as an arbitration agreement under the Federal Arbitration Act).

858 F.2d 648, 650 (11th Cir. 1988) (Tjoflat, J., concurring) (agreeing that trial court erred in permitting discovery where parties agreed to arbitrate).

Finally, courts routinely stay discovery pending motions to dismiss or pending appraisal in cases analogous to this one—total loss cases challenging determination of loss value—recognizing that the motion to dismiss and/or the appraisal process could eliminate or substantially narrow the scope of discovery. *See, e.g.*, Paperless Order, *Bettor v. Esurance Prop. and Casualty Ins. Co.*, No. 18-cv-61860, Dkt. 26 (S.D. Fla. Mar. 11, 2019) (staying discovery pending resolution of Esurance's motion to compel appraisal and dismiss); Order, *Kronenberg v. Allstate Ins. Co.*, No. 18-cv-06899 (E.D.N.Y. Feb. 11, 2019) (granting joint motion to continue initial conference pending resolution of motion to dismiss); Order, *Armstead v. Farmers Ins. Co., Inc.*, No. 4:19-cv-458, Dkt. 23 (E.D. Ark. Sept. 19, 2019) (granting motion to stay deadlines contained in initial scheduling order pending ruling on motion to dismiss); Order, *Bray v. Esurance Property & Casualty Ins. Co.*, No. 4:19-CV-00457, Dkt. 20 (E.D. Ark. Sept. 27, 2019) (same); Order, *DuPriest v. Allstate Ins. Co.,* No. 4:19-cv-00230-JM, Dkt. 22 (E.D. Ark. Oct. 22, 2019) (same); Order, *Kirby v. Safeco Ins. Co. of Illinois*, No. 3:19-cv-00188, Dkt. 23 (E.D. Ark. Sept. 19, 2019) (same).

*Chudasama*, the cases relating to arbitration and appraisal, and the analogous total-loss cases all call for staying discovery in this case pending resolution of the

Motion and the completion of the appraisal process outlined in the Policy.  Just as in those cases, no discovery is necessary here for the Court to resolve CCC's Motion, which assumes the facts alleged in the Complaint to be true and shows that an appraisal should be compelled.  Initial disclosures and factual development through interrogatories, document production, and depositions would add nothing to the Court's resolution of these legal issues.  And if the Court compels an appraisal, the need for discovery would either be eliminated if the parties reach a satisfactory outcome during the appraisal process or, at a minimum, substantially curtailed as the disputed issues would be narrowed during the appraisal process.  A stay of discovery therefore would avoid substantial, unnecessary costs to all parties and to the Court. Further, given that Plaintiff has brought this case as a class action and will presumably seek discovery as to a large putative class of Alabama citizens, the need to avoid unnecessary discovery costs is heightened here and should be avoided pending resolution of the appraisal.

## III.   CONCLUSION

CCC respectfully requests that the Court stay discovery pending resolution of CCC's Motion.  CCC further requests such additional relief as this Court deems just.

Dated: November 19, 2019                    Respectfully submitted,

                                            *s/Robert H. Rutherford*

                                            Robert H. Rutherford
                                            robert.rutherford@burr.com

BURR & FORMAN LLP
420 North 20th Street
Suite 3400, Wells Fargo Tower
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100

*s/Robert C. Collins III*

Kathleen P. Lally (*pro hac vice*)
kathleen.lally@lw.com
Robert C. Collins III (*pro hac vice*)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 N Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

Marguerite M. Sullivan (*pro hac vice*)
marguerite.sullivan@lw.com
Jason R. Burt (*pro hac vice*)
jason.burt@lw.com
George C. Chipev (*pro hac vice*)
george.chipev@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Defendant*
*CCC Information Services Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 19, 2019, I caused the foregoing document, Movant CCC Information Services Inc.'s Motion to Stay Discovery Pending Resolution of its Motion to Dismiss and Compel Appraisal to be filed with the Clerk of Court using the CM/ECF system, which effected service on all counsel of record.

Dated: November 19, 2019

Respectfully submitted,

*s/Robert C. Collins III*

Robert C. Collins III (*pro hac vice*)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 N Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*One of the Attorneys for Defendant*
*CCC Information Services Inc.*